IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEVERLE J DEANS,

    Petitioner,

v.                                                                                     No. 19-cv-1187-WJ-JHR

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondent.

**ORDER TO SHOW CAUSE**

    THIS MATTER is before the Court on Petitioner Leverle Deans' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (the "Petition"). (Doc. 1). From the face of the Petition, appears that Petitioner may not satisfy the "in custody" requirement essential to this Court's jurisdiction. As such, Petitioner will be required to show cause in writing why this case should not be dismissed.

    Section 2254(a) requires a petitioner to be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." A petitioner must satisfy the custody requirement at the time the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The in-custody requirement of § 2254(a) is jurisdictional. *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).

    A petitioner who is not in actual physical custody may satisfy the "in custody" requirement by demonstrating that he is subject to "severe restraints on [his] individual liberty." *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1073 (10th Cir. 2014), citing *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). For example, "[h]abeas corpus is available for prisoners released on

1

parole or personal recognizance"; for "prisoners serving consecutive sentences"; and for "[c]ommitment to a mental institution or incarceration as the result of a civil contempt order[.]" *Calhoun*, 745 F.3d at 1073.

Conversely, the "in custody" requirement is not satisfied by "the collateral consequences of a conviction" that have "negligible effects on a petitioner's physical liberty[.]" *Id.* Examples of consequences of a conviction that do not satisfy the in-custody requirement are the "inability to vote, engage in certain businesses, hold public office, or serve as a juror[.]" *Id.* at 1073-74. The "requirement to register under state sex-offender registration statutes" also "does not satisfy [Section] 2254's condition that the petitioner be 'in custody' [when] he files a habeas petition." *Id.* at 1074.

Because it is unclear whether Petitioner was "in custody" when he filed the Petition, the Court will require him to show cause why the Petition should not be dismissed for lack of jurisdiction under the foregoing standards.

IT IS THEREFORE ORDERED that, within thirty days of this order, petitioner shall show cause in writing why the Petition should not be dismissed for failure to satisfy the in-custody requirement of Section 2254. Failure to comply with this Order may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

_____
United States Magistrate Judge